UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ORTEGA,

    Petitioner,

v.

ERIC RARDIN,

    Respondent.

Case No. 25-13455
Honorable Laurie J. Michelson

**OPINION AND ORDER SUMMARILY DISMISSING PETITION [1]**

John Ortega pled guilty in the Western District of New York to one count of possession of fentanyl (over 40 grams) with intent to distribute. *See United States v. Ortega*, No. 24-06109 (W.D.N.Y. Sept. 17, 2024), Minute Entry, September 17, 2024. In January 2025, he was sentenced to 72 months' incarceration and four years' supervised release. *Ortega*, No. 24-06109, ECF No. 46. He is currently incarcerated at the Federal Correctional Institution in Milan, Michigan. *See* Find an Inmate, Fed. Bureau of Prisons, https://perma.cc/UQJ9-4N5U.

Ortega has filed a *pro se* petition in this Court pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' calculation of his sentence under the First Step Act and the Second Chance Act. (ECF No. 1.) Ortega alleges that because he has successfully completed recidivism reduction programs and productive activities during his incarceration, he should be entitled to earned time credits, but that the BOP has "categorically determine[d him] ineligible." (*Id.* at PageID.7.)

For the reasons that follow, the Court summarily dismisses Ortega's petition without reaching the merits of that claim, because he has failed to exhaust his administrative remedies.

## I.

Where a person incarcerated in federal prison seeks to challenge the execution of his sentence (not the conviction or sentence itself), he may petition a court for relief under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) ("In general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself."). But to do so, he must first exhaust all administrative remedies available to him. *See, e.g.*, *Cooper v. Batts*, No. 21-5828, 2022 WL 4009862, at *6–7 (6th Cir. Aug. 25, 2022) ("Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." (quoting *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 299, 231 (6th Cir. 2006))). A petitioner may only be excused from this requirement where he has established that "pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Byrd v. Fed. Bureau of Prisons*, No. 21-5911, 2022 U.S. App. LEXIS 5329, at *5 (6th Cir. Feb. 28, 2022) (quoting *Fazzini*, 473 F.3d at 236).

Nevertheless, exhaustion is an affirmative defense that must be raised by the respondent to a petition, so it is generally improper for a district court to dismiss a petition solely for failure to plead exhaustion. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) ("[A]n inmate's § 1983 claim 'may not be dismissed at the screening

stage for failure to plead or attach exhibits with proof of exhaustion.' . . . The same holds true for a federal prisoner's § 2241 petition."). However, if it is "apparent" from the face of the petition that the petitioner has *not* exhausted his administrative remedies, the district court may summarily dismiss the petition. *Byrd*, 2022 U.S. App. LEXIS 5329, at *4 (quoting *Settle v. Bureau of Prisons*, No. 16-5279, 2017 U.S. App. LEXIS 22666, at *2 (6th Cir. Sept. 20, 2017)); *see also Mshihiri v. Hemingway*, No. 23-11101, 2023 U.S. Dist. LEXIS 147290, at *3 (E.D. Mich. Aug. 22, 2023) ("A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief." (citing *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999))).

Said another way, a district court may not fault a petitioner for simply failing to allege exhaustion in his § 2241 petition, *Luedtke*, 704 F.3d at 466, but where the petitioner's allegations make "plainly apparent" that he did not, in fact, exhaust his administrative remedies, summary dismissal is appropriate. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) ("*Luedtke* forbids a court from dismissing a § 2241 petition at the screening stage for failing to plead exhaustion or to attach exhibits with proof of exhaustion, but it does not prohibit a court from sua sponte dismissing a § 2241 petition where lack of exhaustion is apparent from the face of the pleading.").

Indeed, courts have the authority to "screen out *any* habeas corpus petition which lacks merit on its face," *Mshihiri*, 2023 U.S. Dist. LEXIS 147290, at *3; *see also*

3

Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254, Rule 4 (amended 2019) ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."); *id.* at Rule 1(b) (noting that district judges have discretion to apply the rules governing § 2254 petitions to § 2241 petitions); *see, e.g., Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (collecting cases showing that courts routinely apply Rule 4 to § 2241 petitions).

With this background in mind, the Court turns to Ortega's petition and reviews it for any facial deficiencies.

## II.

The BOP has a multi-tiered administrative grievance process for incarcerated persons in its custody. First, if a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the warden, who then has 20 days to respond it. 28 C.F.R. §§ 542.14(a), 542.18. If unsatisfied with the warden's response, a prisoner may then file an appeal (BP-10 Form) with the prison's Regional Director, who has 30 days to respond. *Id.* §§ 542.15, 542.18. And, if unsatisfied with the Regional Director's response, the prisoner can then appeal to the Bureau's General Counsel (BP-11 Form), who has 40 days to respond. *Id.* § 542.18.

Ortega admits that he did not exhaust the administrative remedies available to him through this process. (ECF No. 1, PageID.2–3.) While he claims he completed a first appeal of the BOP's decision (*id.* at PageID.2), he reports that he did not file a second or third appeal (*id.* at Page.ID.3), reasoning that "no administrative remedy

4

was available" (*id.* at PageID.3–4). But Ortega's petition offers no further explanation as to why he believed no remedy was available, or why filing subsequent appeals would be futile. And correcting any errors in the calculation of earned time credits is certainly relief that can be provided through the administrative review process.

Although Ortega reports that after filing his first appeal, "the unit counselor lost paperwork [he] received in response from BOP staff" (*id.* at PageID.2), he makes no claim that this prevented him from filing subsequent appeals, *see, e.g.*, *Byrd*, 2022 U.S. App. LEXIS 5329, at *6 (explaining that Petitioner's claims that the prison gave him a photocopy of his appeal, rather than an original copy, would not be interpreted as the prison "thwarting" his ability to exhaust administrative remedies where he did "not explain" how that bureaucratic error would have prevented him from submitting a further appeal). So Ortega has failed to demonstrate that he should be exempted from the exhaustion requirement. *See id.* at *5–6 (finding that "conclusory assertions" that a grievance procedure insufficient are not enough to establish "that the BOP thwarted or made the grievance process unavailable to him in particular, so as to excuse [petitioner's] exhaustion requirement."). And because Ortega candidly admits that he did not file appeals beyond his first BOP complaint, the Court finds it "plainly apparent" that Ortega has yet to exhaust his administrative remedies. *Shah*, 2017 WL 7000265, at *2.

## III.

Thus, the Court concludes that Ortega did not fully exhaust administrative remedies before instituting this action. Accordingly, his § 2241 petition for a writ of habeas corpus is dismissed.[1]

IT IS SO ORDERED.

Dated: December 9, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability is not needed to appeal the dismissal of habeas petition filed pursuant to § 2241. *See Taylor v. Owens*, 990 F.3d 493, 496 n.1 (6th Cir. 2021) (citing *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004)).  So Ortega need not request one should he seek to appeal this decision.